## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS



**MILAGROS GONZALEZ**
        **Plaintiff**                    )
                                      )

**v.**                                     )
                                    ) **Civil Action No.**

**CLAIMS AMERICA, LLC,**
**CIVIL CLAIMS ASSET INVESTIGATIVE SERVICES, LLC** )
**and CMC RECOVERY SERVICES, INC.**
                **Defendants**

**08-40052 FDS**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

Plaintiff, Milagros Gonzalez, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The FDCPA was enacted by

Congress in response to the "abundant evidence of the use of abusive, deceptive, and

unfair debt collection practices by many debt collectors." § 1692(a). Congress found that

these practices "contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy. Id. Consequently, "it is the

purpose of [the FDCPA] to eliminate abusive debt collection practices by debt

collectors…" 15 U.S.C. §1692 (e).

Plaintiff seeks a declaration that Defendants' debt collection practices as they

were applied to her violate the FDCPA and to recover damages for the Defendants'

unlawful conduct.

### JURISDICTION

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28

U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.     This Court has jurisdiction to award declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

3.     This action arises out of Defendants' violations of the FDCPA.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b).

## PARTIES

5.     Plaintiff Milagros Gonzalez, is a 73-year-old citizen of the Commonwealth of Massachusetts, residing in the City of Worcester, from whom the Defendants attempted to collect a delinquent consumer debt that the Plaintiff allegedly owed to Chase Bank.

6.     Defendant Claims America, LLC is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses any instrumentality of interstate commerce (including the telephone) to collect, or attempt to collect, consumer debts due or asserted to be owed or due another.

7.     Defendant Civil Claims Asset Investigative Services, LLC, is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses any instrumentality of interstate commerce (including the telephone) to collect, or attempt to collect, consumer debts due or asserted to be owed or due another.

8.   Defendant CMC Recovery Services, Inc. is a Georgia corporation that acts as a
     debt collector, as defined by § 1692a (6) of the FDCPA, because it regularly uses
     any instrumentality of interstate commerce (including the telephone) to collect, or
     attempt to collect consumer debts due or asserted to be owed or due another.

9.   On information and belief, Defendants Claims America LLC, Civil Claims Asset
     Investigative services, LLC, and CMC Recovery Services, Inc. are all one
     business entity owned by the same individuals and operate as one business in their
     collection practices.

## FACTUAL ALLEGATIONS

10.  On March 26, 2007, while being visited by Maria Diaz, ("Ms. Diaz"), who is a
     case manager, employed by Elder Services of Worcester Area, Inc., the Plaintiff
     received a telephone call from a representative of the Defendants. The Plaintiff's
     granddaughter answered the telephone, but, since neither she nor the Plaintiff
     speak English, the call was given to Ms. Diaz to handle.

11.  The caller, who did not identify where he was calling from, advised Ms. Diaz that
     he was a "private investigator" and wanted to verify her address. He also said that
     she had committed fraud and would be arrested. Ms. Diaz, after taking the caller's
     telephone number, passed the phone to the Plaintiff so that she could speak to a
     Spanish-speaking representative of the Defendants.

12.  The Plaintiff spoke to a female Spanish-speaking representative of the Defendants
     who threatened her, saying that, unless Plaintiff paid $1100 within 48 hours, she
     would be arrested. At the end of the call, Plaintiff was in great distress,
     hyperventilating and crying. Ms. Diaz then called the telephone number that had

3

been given to the Plaintiff by the representative of the Defendants who had called her. Ms. Diaz spoke with an employee of the Defendants who identified himself as "Richard Todd." ("Mr. Todd").

13.    Mr. Todd stated that because the Plaintiff owed $4407.00 to Chase Bank, she had committed fraud. He said that within 72 hours the Plaintiff would be arrested by the Sheriff's Department. Ms. Diaz asked for clarification of whether he meant that the Sheriff would be bringing a letter for the Plaintiff to go to court, to which Mr. Todd simply responded that the Plaintiff would be arrested.

14.    Ms. Diaz told Mr. Todd that the Plaintiff was an elder at the edge of a breakdown and asked whether there was any other way to resolve the problem. Mr. Todd responded that Chase was willing to settle for $1100 but the Plaintiff would need to have the money within 48 hours or the process for the arrest would take place within 72 hours. Ms. Diaz told Mr. Todd that someone would get back to him.

15.    The Defendants never sent the Plaintiff any notices or letters regarding the alleged debt to Chase Bank, nor did Defendants advise the Plaintiff of her right to dispute the alleged debt.

16.    The various communications by the Defendants on March 26, 2007 with the Plaintiff and those individuals acting on her behalf constitute violations of numerous and multiple provisions of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d, 1692d(1), 1692d(6),1692e(1), 1692e(4), 1692e(5), 1692e(7), 1692e(11), 1692f and 1692g (a).

17.    As a result of the Defendants' violations of the FDCPA, the Plaintiff experienced emotional distress manifested by, but not limited to, tightening of the chest, shortness

4

of breath, weakness, lost of strength, headaches, insomnia, loss of appetite, nausea, as well as, ongoing anxiety about answering the phone or door for fear that she might be arrested.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of § 1692d of the FDCPA

18. Plaintiff alleges and realleges paragraphs 1- 17, supra, as if fully set forth herein.

19. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

20. The natural consequences of the above-detailed conduct by the Defendant, including threatening the Plaintiff with arrest, constitute harassment, oppression or abuse of the Plaintiff in violation of § 1692d.

21. As a result of the Defendants' violation of §1692d, the Plaintiff experienced emotional distress manifested by, but not limited to, tightening of the chest, shortness of breath, weakness, lost of strength, headaches, insomnia, loss of appetite, nausea, as well as, ongoing anxiety about answering the phone or door for fear that she might be arrested.

22. Defendants' violation of § 1692d of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorney's fees. See 15 U.S.C. § 1692k.

### SECOND CAUSE OF ACTION
### Violation of § 1692d(1) of the FDCPA

23. Plaintiff alleges and realleges paragraphs 1- 17, supra, as if fully set forth herein.

24. Section 1692d (1) of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including, but not limited to, the use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

25. Threatening the Plaintiff with arrest, unless she paid $1100 within 48 hours for an alleged debt, constituted conduct intended to harass or oppress the Plaintiff, and suggested the use of illegal physical means against the Plaintiff, in violation of § 1692d (1).

26. Defendants' violation of § 1692d (1) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorney's fees. See 15 U.S.C. § 1692k.

## THIRD CAUSE OF ACTION
## Violation of § 1692d(6) of the FDCPA

27. Plaintiff alleges and realleges paragraphs 1- 17, supra, as if fully set forth herein.

28. Section 1692d(6) of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including, but not limited to, the placement of telephone calls without meaningful disclosure of the caller's identity.

29. Defendants' employee, in identifying himself as a "private investigator" and not as a debt collector, intended to mislead and hide the real purpose of the Defendants' communication, in violation of §1692d(6).

6

30.    Defendants' violation of § 1692d (6) of the FDCPA renders them liable for actual
       and statutory damages, costs, and reasonable attorney's fees. See 15 U.S.C. §
       1692k.

## FOURTH CAUSE OF ACTION
## Violation of § 1692e(1) of the FDCPA

31.    Plaintiff alleges and realleges paragraphs 1- 17, supra, as if fully set forth herein.

32.    Section 1692e of the FDCPA prohibits a debt collector from using any false,
       deceptive or misleading representation or means in connection with the collection
       of a debt, including, but not limited to, giving the false impression that the debt
       collector is affiliated with the United States or any state, including any part
       thereof.

33.    Defendants' employee, in identifying himself as a private investigator, gave the
       false impression of an affiliation with the Sheriff's office, in violation of
       §1692e(1).

34.    Defendants' violation of §1692e (1) of the FDCPA renders them liable for actual
       and statutory damages, costs, and reasonable attorney's fees. See 15 U.S.C. §
       1692k.

## FIFTH CAUSE OF ACTION
## Violation of § 1692e(4) of the FDCPA

35.    Plaintiff alleges and realleges paragraphs 1- 17, supra, as if fully set forth herein.

36.    Section1692e (4) of the FDCPA prohibits a debt collector from using any false,
       deceptive or misleading representation or means in connection with the collection
       of a debt, including, but not limited to, the representation or implication that

nonpayment will result in the arrest or imprisonment of any person unless such action is lawful and the debt collector or creditor intends to take such action.

37.   Without any legal authority, Defendant threatened the Plaintiff with arrest unless the Plaintiff paid $1100 to the Defendant within 48 hours, and said actions constituted a violation of §1692e (4).

38.   Defendants' violation of § 1692e (4) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorney's fees. See 15 U.S.C. § 1692k.

## SIXTH CAUSE OF ACTION
## Violation of § 1692e(5) of the FDCPA

39.   Plaintiff alleges and realleges paragraphs 1- 17, supra as if fully set forth herein.

40.   Section1692e(5) of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the threat to take any action that cannot legally be taken or that is not intended to be taken.

41.   Defendant, without any legal authority, threatened the Plaintiff with arrest unless the Plaintiff paid $1100 to the Defendant within 48 hours, in violation of § 1692e (5).

42.   Defendants' violation of § 1692e (5) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorney's fees. See 15 U.S.C. § 1692k.

## SEVENTH CAUSE OF ACTION
## Violation of § 1692e(7) of the FDCPA

39.   Plaintiff alleges and realleges paragraphs 1- 17, supra, as if fully set forth herein.

8

43.     Section 1692e (7) of the FDCPA prohibits a debt collector from using any false,
        deceptive or misleading representation or means in connection with the collection
        of a debt, including, but not limited to, the false representation or implication that
        the consumer committed any crime or other conduct in order to disgrace the
        consumer.

44.     Defendant gave Plaintiff the false impression that she had committed fraud
        against Chase Bank and that a process had started with the Sheriff for which the
        Plaintiff would be arrested. Said actions constituted a violation of § 1692e (7).

45.     Defendants' violation of § 1692e (7) of the FDCPA renders them liable for actual
        and statutory damages, costs, and reasonable attorney's fees. See 15 U.S.C. §
        1692k.

## EIGHTH CAUSE OF ACTION
## Violation of § 1692e(11) of the FDCPA

46.     Plaintiff alleges and realleges paragraphs 1- 17, supra, as if fully set forth herein.

47.     Section 1692e (11) of the FDCPA prohibits a debt collector from using any false,
        deceptive or misleading representation or means in connection with the collection
        of a debt, including, but not limited to, the failure to disclose in the initial
        communication with the consumer that the debt collector is attempting to collect a
        debt and that any information obtained will be used for that purpose.

48.     Defendants never disclosed the fact that they were a debt collector; instead, their
        employee identified himself as a private investigator, and said actions constituted
        a violation of§1692e (11).

9

49.    Defendants' violation of § 1692e (11) of the FDCPA renders them liable for

       actual and statutory damages, costs, and reasonable attorney's fees. See 15 U.S.C.

       § 1692k.

## NINTH CAUSE OF ACTION
### Violation of § 1692f of the FDCPA

50.    Plaintiff alleges and realleges paragraphs 1- 17, supra, as if fully set forth herein.

51.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or

       unconscionable means to collect or attempt to collect a debt.

52.    The conduct by the Defendants described in paragraphs 1-17, supra, including

       threatening the Plaintiff with arrest, was an unfair or unconscionable means to

       collect or attempt to collect a debt, and said action constituted a violation of

       §1692f.

53.    As a result of the Defendants' violation of the §1692f, the Plaintiff experienced

       emotional distress manifested by, but not limited to, tightening of the chest, shortness

       of breath, weakness, lost of strength, headaches, insomnia, loss of appetite, nausea

       and anxiety and fear with every telephone ring or knock on the door.

54.    Defendants' violation of §1692f of the FDCPA renders them liable for actual and

       statutory damages, costs, and reasonable attorney's fees. See 15 U.S.C. §1692k.

## TENTH CAUSE OF ACTION
### Violation of § 1692g(a) of the FDCPA

55.    Plaintiff alleges and realleges paragraphs 1- 17, supra, as if fully set forth herein.

56.    Section 1692g (a) of the FDCPA requires debt collectors, within five days after

       the initial communication with a consumer in connection to the collection of any

       debt, to provide a written notice that includes, among other information, the

amount of the debt, the name of the creditor to whom the debt is owed and the right to dispute such debt.

57.     Defendants' failure to provide Plaintiff with any of the notices required constituted a violation § 1692g (a).

58.     Defendants' violation of § 1692g (a) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorney's fees. See 15 U.S.C. § 1692k.

## ELEVENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

59.     Plaintiff alleges and realleges paragraphs 1- 17, supra, as if fully set forth herein.

60.     As a result of the Defendants' conduct as described above, the Plaintiff suffered emotional distress and physical harm, and said physical harm caused said emotional distress manifested by, but not limited to, tightening of the chest, shortness of breath, weakness, lost of strength, headaches, insomnia, loss of appetite, nausea, as well as ongoing anxiety about answering the telephone or door for fear that she might be arrested.

61.      Defendants knew or should have known that their negligent conduct as aforesaid involved an unreasonable risk of causing emotional distress of the type that might result in illness or bodily harm to the Plaintiff.

62.     Plaintiff is entitled to actual damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

Plaintiff, Milagros Gonzalez, prays this Court enter judgment against the Defendants, jointly and severally:

1.  for a declaration, pursuant to 28 U.S.C. §§ 2201, 2202 and
    Rule 57 of the Federal Rules of Civil Procedure, that
    Defendants' debt collection practices violate FDCPA;

2.  for an award of actual damages against the Defendants for
    their numerous and multiple violations of the FDCPA
    pursuant to 15 U.S.C. § 1692k(a)(1);

3.  for an award of statutory damages against the Defendants for
    their numerous and multiple violations of the FDCPA pursuant to
    15U.S.C. §1692k(a)(2)(A);

4.  for an award of costs of litigation and reasonable attorney's fees
    pursuant to 15 U.S.C. §1692k(a)(3);

5.  for an award of actual damages against the Defendants on
    Plaintiff's state claim for the negligent infliction of emotional
    distress; and

6.  for such other and further relief as may be just, proper, necessary and
    equitable.

## JURY DEMAND

Plaintiff, Milagros Gonzalez, demands a trial by jury.

MILAGROS GONZALEZ
Respectfully Submitted
By her Attorney

Ray Mestre, BBO#558221
Legal Assistance Corporation
Of Central Massachusetts
405 Main Street
Worcester, MA 01608
Tel. 508-752-3718
rmestre@laccm.org
Dated:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MILAGROS GONZALEZ** | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil Action No.** |
| **CLAIMS AMERICA, LLC,** | ) |
| **CIVIL CLAIMS ASSET INVESTIGATIVE SERVICES, LLC** | ) |
| **and CMC RECOVERY SERVICES, INC.** | ) |
| **Defendants** | ) |

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

1.  I, Milagros Gonzalez, am the Plaintiff in this civil proceeding.

2.  I have been read the above-entitled civil Complaint in Spanish.

3.  I believe the facts contained in it are true, to the best of my knowledge, information and belief.

4.  I have filed this civil complaint in good faith.

Sworn to under the pains and penalties of perjury this $\mathcal{25}$ day of

March 2008.

$$\text{Milagros Gonzalez}$$

Milagros Gonzalez

## CERTIFICATION

I, Liza Harris, am proficient in both English and Spanish. I hereby swear under oath that I have translated accurately and to best of my abilities into Spanish for Milagros Gonzalez the attached Civil Action Complaint entitled, "Milagros Gonzalez v. Claims America, LLC, Civil Claims Asset Investigative Services and CMC Recovery Services, Inc. and the Verification of Complaint and Certification.

Date 3 -25-08

Liza Harris,
LACCM,
405 Main Street. Worcester, MA 01608